## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KIM COLLINS,                                )
                                            )
                          **Plaintiff,**    )
                                            )
vs.                                         )          **Case No. 15-cv-01403-NJR**
                                            )
SGT. KRAMER, ROBERT DEWALL,                 )
EVAN BAILEY, ROBERT ROSS,                   )
COLLEEN MOORE,                              )
and UNKNOWN PARTY,                          )
                                            )
                        **Defendants.**     )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Kim Collins, a federal prisoner currently incarcerated at Forrest City Medium

Federal Correctional Institution in Forrest City, Arkansas, brings this civil rights action pursuant

to 28 U.S.C. § 1331.[1] This case was severed from an action filed in this district by nine detainees

at Alton City Jail ("Jail"). *See Collier et al. v. Kramer et al.*, Case No. 15-cv-674-SMY (S.D. Ill.

2015) (original action). The nine detainees brought the original action to complain about the lack

of access to the courts and the conditions of their confinement at the Jail. (Doc. 1, original

---

[1] Plaintiff designated this action as one brought pursuant to 28 U.S.C. § 1331; he likely checked this box on the
standard civil rights form used by this district because he was a federal pretrial detainee or prisoner at the time the
events giving rise to this action occurred. However, all of the defendants are Jail employees, who were presumably
acting under color of state law at all relevant times. Plaintiff's claims against these local officials, therefore, arise
under 42 U.S.C. § 1983, absent a contract between the federal and local governments that transforms the local
officials into federal officers. *See Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (citing *Hunter
v. Amin*, 583 F.3d 486 (7th Cir. 2009); *Lewis v. Downey*, 581 F.3d 467, 471 n. 3 (7th Cir. 2009); *Ortiz v. Downey*,
561 F.3d 664 (7th Cir. 2009); *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008); *Porro v. Barnes*, 624 F.3d 1322
(10th Cir. 2010); *Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998)) (allowing § 1983 claims by federal
prisoners against county or city employees). At this stage, the Court lacks sufficient information to determine for
certain whether Plaintiff's claims arise under *Bivens* or § 1983. For screening purposes, the distinction makes little
difference. Courts often rely on case law addressing claims in both contexts when analyzing the kind of claim that
Plaintiff now puts forth in his complaint. The Court also questions whether Plaintiff was a federal pretrial detainee
or federal prisoner while he was detained at the Alton City Jail. The applicable legal standard for his claims depends
upon his status at that time. If Plaintiff chooses to file an amended complaint, he will need to clarify these issues for
the Court.

action). In an Order dated December 22, 2015, the Court concluded that joinder of the parties and their claims in a single action was not appropriate. (Doc. 52, original action) (citing FED. R. CIV. P. 20(a)-(b), 21; *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001)).

Each plaintiff was required to pursue his claims in a separate action. (Doc. 52, original action). And because the original complaint failed to state any claim upon which relief could be granted, the Court ordered each plaintiff to file a "First Amended Complaint" in his newly-severed case no later than January 25, 2016. Plaintiff filed an amended complaint on January 11, 2016 (*see* Doc. 7).

This matter is now before the Court for a preliminary review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to

provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon careful review of the amended complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the amended complaint for failure to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure.

## First Amended Complaint

Plaintiff claims that the "Alton City Jail" violated his "personal and private space" by placing a camera above the toilet in his two-man cell, which monitored his "every move." (Doc. 7, p. 5). Plaintiff asserts that the camera made him feel "uncomfortable" when he was using the toilet because he knew that male staff members were monitoring the cameras and watching him "piss" and go "number two." *Id*. These allegations represent the totality of Plaintiff's claim. Outside of his reference to "Alton City Jail," which is not even a named Defendant, Plaintiff makes no mention of any named Defendant. In addition, Plaintiff has failed to include any request for relief.

Plaintiff's complaint, as it currently stands, fails to state a claim for relief, even under the liberal notice pleading standard established by Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a)(2)-(3), to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." According to the complaint, Plaintiff is no longer being held at the Alton City Jail.

Instead, he is incarcerated at Forrest City Medium Federal Correctional Institution in Forrest City, Arkansas. As such, a claim for injunctive relief would be moot at this point. This would suggest that Plaintiff is seeking monetary damages. But in order to pursue monetary damages against an individual, a plaintiff must allege that the individual is *personally responsible* for the alleged constitutional violation. Plaintiff has not only failed to allege how any of the individual defendants are personally responsible, he has failed to even mention any of them in his statement of the claim.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Based on the information in the complaint, the Court cannot determine how each individual Defendant was personally involved in the alleged constitutional violation.

Plaintiff, along with the other plaintiffs in *Collier et al. v. Kramer et al.*, Case No. 15-cv-674-SMY (S.D. Ill. 2015), was warned that failure to associate specific defendants with specific claims was grounds for dismissal (*see* Doc. 52, p. 5, original action), yet in his amended complaint, Plaintiff failed to heed the Court's warning. In addition, the Court explained in its prior Order (*see* Doc. 52, original case) that in order to state a claim under the Eighth Amendment, an inmate would have to allege that the monitoring or surveillance activities were unrelated to penological objectives and/or carried out with the intent to humiliate or harass the inmate. *Id.* at 7. Plaintiff's amended complaint fails in this regard, as well.

In *Courtney v. Devore*, 595 F. App'x 618, 620 (7th Cir. 2014), the Seventh Circuit held that allegations in that case about cross-sex camera monitoring stated a claim under the Eighth Amendment "because they describe conduct that could constitute 'harassment unrelated to prison needs.'" *Id.* (quoting *Hudson v. Palmer,* 468 U.S. 517, 530 (1984)). Here, Plaintiff states that it is the monitoring of his bathroom activity by guards of the same-sex that made him feel "uncomfortable." Although many of the cases that have considered bathroom monitoring claims have raised objections on the basis of opposite-sex monitoring, *see e.g.*, *Johnson v. Phelan,* 69 F.3d 144 (7th Cir. 1995) (holding that female prison guards can monitor male detainees who are in the shower or on the toilet), the Court does not believe that the sex of the guards and detainee is necessarily dispositive. The key inquiry is whether the purpose of the monitoring was to humiliate the detainee. The fact that Plaintiff in this case was made "uncomfortable" by the monitoring tells us little about whether the monitoring was undertaken to humiliate or harass him. "There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Instead, to state a claim under the Eighth Amendment, a plaintiff must plausibly allege that the monitoring or strip-search in question "was motivated by a

desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). Plaintiff has not alleged that Defendants used the monitoring to humiliate or harass him, and he has not described any conduct on the part of Defendants that would allow the Court to infer such intent.

For these reasons, the Court finds that the complaint, as currently drafted, fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. Because it seems possible that Plaintiff may have an actionable claim, however, the dismissal shall be, once again, without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.

<u>Disposition</u>

**IT IS HEREBY ORDERED** that Plaintiff's amended complaint (Doc. 7) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** leave to file his "Second Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (on or before **May 31, 2016**). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). Failure to file an amended complaint by the prescribed deadline will also result in the dismissal of this action with prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken ***by that defendant*** that violated federal or constitutional law. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 25, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**