IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KIM COLLINS,** <br> **# 09873-025,** <br><br> Plaintiff, <br><br> vs. <br><br> **KRAMER, et al.** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> Case No. 15-cv-01403-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On December 22, 2015, Plaintiff filed a complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff sued Defendants for constitutional violations associated with the use of video cameras in the cells at the Alton City Jail. (Doc. 1). The complaint did not survive threshold review under 28 U.S.C. § 1915A because Plaintiff's claims that the camera over the toilet made him "uncomfortable" failed to state a claim upon which relief could be granted and because Plaintiff did not properly name any defendants in the body of his complaint. (Doc. 8). Accordingly, the Court dismissed the complaint on April 25, 2016. (Doc. 8). The dismissal specifically directed Plaintiff to file an amended complaint no later than May 31, 2016. (Doc. 8). The deadline has now passed. Plaintiff has not filed an amended complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*,

34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 17, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).